## BROWN v. ACKERMAN. (No. 7990.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 3, 1928.

R. S. Ragsdale, of Burkburnett, and Geo. P. Brown, of Edinburg, for plaintiff in error.

W. R. Montgomery, J. F. Carl, W. H. Sadler, and J. C. Hall, all of Edinburg, for defendant in error.

SMITH, J. In this case J. C. Ackerman brought an action in trespass to try title to recover of W. G. Brown the title and possession of a 40-acre tract of land in Hidalgo county. In the trial in the court below the jury were directed to return a verdict in favor of Ackerman, and Brown brings writ of error.

It appears that Ackerman introduced deeds showing the record title in himself, back to J. J. Thames, the agreed common source. By this process he made a prima facie case, entitling him to recover, whereupon the burden shifted to Brown to show in himself a title superior to that of his adversary. The trial court held that Brown failed to meet this burden sufficiently to take the case to the jury, and the directed verdict was the result.

Brown relied upon these recorded instruments: First, a contract between J. J. Thames, the common source, and A. J. McColl, dated July 2, 1913, by which Thames "sells, and agrees that he will at any time, or from time to time, before the 1st day of January, A. D. 1914, as second party may desire or request, convey by warranty deed, free of incumbrance, to second party, or to any person or persons whom he may designate, as a whole or in parcels, or subdivisions of twenty (20) acres or more, all those certain tracts of land, containing in aggregate 507.80 acres out of and forming part of porcion sixty-nine (69) in Hidalgo county, Texas," including the tract involved in this suit. Second, an agreement between the same parties, supplemental to the above-mentioned contract, dated March 5, 1914, providing, among other things, that McColl should take deeds to the lands to be conveyed under the contract "on or before September 1, 1914." Third, a deed executed by the Rio Grande Development Company, dated November 2, 1914, conveying the land herein involved to W. G. Brown, appellant. These three instruments constituted the whole of the record title tendered by Brown as a defense to the prima facie case made by Ackerman. Obviously the title so tendered was inadequate, and was properly rejected by the trial court, unless, indeed, it was so strengthened and supplemented by parol as to raise issues of fact of sufficient dignity and materiality to entitle them to be determined by a jury. This conclusion requires some analysis and discussion of the evidence.

The contract between Thames and McColl was a mere option, entitling McColl to purchase all or any parcels of the 507 acres of land described in the contract. In the original contract McColl was required to exercise this option before January 1, 1914, but by the supplemental agreement this period was extended to September 1, 1914. Of course, this limitation of time was not conclusive of the rights of the parties, who could have continued to perform under the contract indefinitely by mutual consent. And so, if McColl had performed the obligations required of him as a condition entitling him to a conveyance of any part of the land, and, if Thames had conveyed it the transaction would have bound the parties irrevocably, even though the conveyance had been made long after the stipulated period of the option. But there is no competent evidence that Thames ever conveyed the land involved to McColl, or to any one for McColl. On the contrary, the record at large negatives such conveyance.

It is true that in October, 1914, the Rio Grande Development Company executed a deed conveying the land to W. G. Brown, appellant; but no title to the property was shown to have ever existed in that corporation. The result is that appellant, although agreeing that Thames was the common source, failed entirely to connect his title with that of the common source.

It is true, also, that there was testimony that appellee's immediate grantor, C. D. Martin, was a mere "straw man," holding and conveying the title for and in behalf of the Rio Grande Development Company, and that at times in the life of that corporation McColl owned some of its capital stock and was one of its officers. But this evidence of McColl's relation to the corporation was too vague and indefinite to materially impair appellee's prima facie case based upon a perfect record title, and, besides, appellee appears to have had no knowledge of Martin's relation to the corporation, and his position of an apparently innocent purchaser was not disturbed. We conclude that appellant wholly failed to meet the burden cast upon him, and that the trial court properly directed a verdict against him.

It is contended that appellant was of unsound mind during some of the period covered by these transactions. But it is not claimed that he was in that condition at the time of the development company's conveyance to him, or of his repudiation and abandonment of his purchase, and no effort was made to abate this action upon that ground. The plea of insanity might have affected the issue of limitation, but that issue is not controlling in the case.

The judgment must be affirmed, as in the original disposition; but the former opinion will be withdrawn, and the foregoing substituted therefor.